UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL VONAA,

     Plaintiff,

       V.                                  No. 3:17-cv-01378 (WIG)

NANCY A. BERRYHILL,
Acting Commissioner
of Social Security,

     Defendant.
_____ X


## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

     Now before the Court is Plaintiff's Motion for Attorney's Fees and Costs under the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). [Doc. # 27]. The Commissioner

does not dispute that Plaintiff is a prevailing party who is entitled to reasonable fees but does

contend that the EAJA fee requested should be reduced. [Doc. # 28]. For the following reasons,

Plaintiff's motion is granted in part.

## Background

     Plaintiff filed this action on August 14, 2017, seeking judicial review of the

Commissioner's decision denying his applications for disability insurance benefits and

supplemental security income. The matter was fully briefed, and the Undersigned heard oral

argument on November 30, 2018. On February 4, 2019, the Undersigned issued a ruling in

Plaintiff's favor and an order remanding the case to the Commissioner solely for a calculation of

benefits. [Doc. # 25]. On May 5, 2019, Plaintiff timely moved for an award of attorney's fees;

his attorney, Olia Yelner, filed an affidavit, her time sheets, and a copy of the fee agreement

between her and Plaintiff. [Doc. # 27]. Plaintiff seeks fees in the amount of $10,869.39, which

represents 56.7 hours of work at a rate of $191.70 per hour. The Commissioner filed a brief in opposition to the motion on May 17, 2019. [Doc. # 28]. The Commissioner does not dispute the requested hourly rate but does contend that the total hours requested are unreasonable.

## Legal Framework

The EAJA directs that courts "shall award to a prevailing party . . . fees and other expenses incurred by that party," unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412 (d)(1)(A). An award of fees under the EAJA must be "reasonable." *Taylor v. Astrue*, No. 3:09-cv-1791(MRK), 2011 WL 1752239, at *3 (D. Conn. May 9, 2011) (quoting 28 U.S.C. § 2412(b)). The party seeking an award of fees has the burden of showing the reasonableness of the requested fees. *Id.* Determination of what constitutes a reasonable fee rests within the sound discretion of the district court. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts should exclude from fee awards "hours that were not reasonably expended." *Id.* at 434. The prevailing party's attorney "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* Thus, "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (1980)) (emphasis in original).

## Discussion

Courts in this district have found that Social Security cases generally require, on average, between twenty and forty hours of attorney time to prosecute. *See Seggerman v. Colvin*, No. 3:11-cv-1219 (JBA), 2014 WL 2534876, at *3 (D. Conn. June 5, 2014); *Poulin v. Astrue*, No.

3:10-cv-1930 (JBA), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012). "However, in cases where the specific circumstances warrant it, courts do not hesitate to award fees in excess of twenty to forty hours." *Seggerman*, 2014 WL 2534876, at *3. When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings. *Id.*

Here, Plaintiff's counsel seeks reimbursement for a total of 56.7 hours of attorney time. The administrative record in this case was 900 pages, which is not especially lengthy. And, while counsel for Plaintiff did draft a comprehensive brief, the factual and legal issues involved were not overly complex, particularly given Plaintiff's counsel's extensive experience in this area of the law and that she represented Plaintiff at the administrative level. Thus, the Court will reduce the amount of time reviewing the record and performing research from 14.8 hours to 10.8 hours.

Additionally, Plaintiff seeks reimbursement for attorney time spent reviewing standard court filings and emails from the court, and completing other tasks that are clerical in nature, such as compiling documents for service, filing, and calendaring dates. Such clerical tasks are not compensable under the EAJA. *See J.O. v. Astrue,* No. 3:11-cv-1768(DFM), 2014 WL 1031666, at *2 (D. Conn. Mar.14, 2014) (reduction for communication with clerk's office); *Gelinas v. Colvin*, No. 3:13-cv-891 (CSH), 2014 WL 2567086, at *2 (D. Conn. June 6, 2014) (reduction for various clerical tasks including downloading court documents, preparing documents for service, and calendaring dates); *Roman v. Colvin*, No. 3:15-cv-00917(SALM), 2015 WL 9462061, at *3 (D. Conn. Dec. 28, 2015) (reduction for review of court filings due to

the "routine nature of the ECF notices"). Thus, the Court finds a reduction in time by 8.2 hours for the performance of clerical tasks is warranted.

The Court has carefully reviewed Plaintiff's counsel's itemization of time filed in support of the EAJA petition and finds the remaining time entries to be reasonable. Accordingly, the Court awards Plaintiff's counsel a total of $8,530.65 in fees, which equates to 44.5 hours at a rate of $191.70 per hour.

## Conclusion

For the reasons set forth herein, Plaintiff's Motion for an Award of Fees is granted in part in the amount of $8,530.65.

SO ORDERED, this __22nd__ day of May, 2019, at Bridgeport, Connecticut.

  __/s/ *William I. Garfinkel*____
WILLIAM I. GARFINKEL
United States Magistrate Judge